UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH LAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.  1:09-cv-365-WTL-TAB |
| | ) |
| WAYNE COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendant Wayne County Sheriff's Department.  The motion is fully briefed, and the Court, being duly advised, hereby **GRANTS** Defendant's motion as it relates to the Plaintiff's federal claims and **dismisses without prejudice** the Plaintiff's state law claims for the reasons set forth below.

Plaintiff Seth Land alleges in his amended complaint[1] that he was arrested on or about April 16, 2007, and incarcerated in the Wayne County Jail.  Due to his mental state, Land was transported to a hospital for a psychiatric evaluation, pursuant to which it was determined that he "needed a locked padded room, and restraint, based on his behavior during the incarceration, all as a result of [his] mental illness."  Amended Complaint ¶ 9.  The following week the Wayne County Sheriff sought and obtained an Order of Temporary Commitment on the ground that

---

[1] The operative complaint in this case was filed on November 20, 2009.  While it is titled "Plaintiff's Second Amended Complaint," it is, in fact, the first amended complaint that was filed in this case.  Land did file a proposed amended complaint as an exhibit to his motion to amend his original complaint; however, when the Magistrate Judge assigned to this case granted the motion to amend he did not deem that proposed amended complaint filed.  Instead, he gave Land additional time to file an amended complaint "given the ongoing shortcomings Defendants contend in Plaintiff's proposed amended complaint."  (*See* Docket Entry No. 26).

Land "was suffering from a mental illness, as defined in I.C.12-7-2-131, that [Land] was gravely disabled as defined in I.C.12-7-2-96, was dangerous as defined in I.C.12-7-2-53, and was in need of care, custody and/or treatment." Amended Complaint ¶ 11. While awaiting transport to a mental health facility, Land was remanded to the custody of the Wayne County Sheriff and returned to the Wayne County Jail. Land was not placed in physical restraints at the jail. On May 10, 2007, Land gouged out his own right eye, following an unsuccessful attempt to do so on the previous day.

Land alleges in his amended complaint that the Defendant, the Wayne County Sheriff's Department, "showed deliberate indifference to Mr. Land's serious need for care, custody and/or treatment which proximately resulted in the mentally disabled Seth Land to incur injuries and damages specifically but not limited to the total loss of vision in his right eye, and permanent disfigurement." *Id.* at ¶ 19. This, Land alleges, violated his federal constitutional rights under color of state law, and therefore he seeks to recover damages pursuant to 42 U.S.C. § 1983. The Defendant argues that Land's amended complaint fails to state a plausible claim under § 1983 and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). While the Defendant cites to several cases in its brief for the proposition that a motion to dismiss is appropriately granted if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief," in fact the Supreme Court has now rejected this standard, requiring instead that the allegations set forth in a complaint be

2

"plausible" to survive a motion to dismiss. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) (also cited by the Defendant). As used by the Supreme Court, a complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Id* at 556; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (extending *Bell Atlantic's* requirement to all civil cases). In ruling on a motion to dismiss, a court must consider the following:

> First, a plaintiff must provide notice to defendants of [his] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (2009).

In this case, implicitly recognizing that the Sheriff's Department cannot be held liable under § 1983 for the actions of its employees under a *respondeat superior* theory, Land alleges that "the defendant had in place a custom, policy, and/or practice pertaining to the supervision and/or restraint of mentally and/or medically ill inmates prone to cause harm to themselves or others, and/or those with serious medical/mental needs" and that pursuant to that custom, policy and/or practice Land was inadequately restrained and/or supervised. Amended Complaint at ¶¶ 22, 24. However, Land does not elaborate on what the custom, policy or practice was. The failure to do so was fatal even under the previous, more lenient pleading standard. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient " to survive a motion to dismiss. *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994) (citations and internal quotation marks omitted); *see also Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999) (citations omitted) ("The absence of any facts at all to support plaintiff's claim renders the

allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts.").

Land's attempt to premise § 1983 liability on the Defendant's failure to train its employees also falls short of the mark.  It is true that "[t]he inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009) (citation omitted).  Land alleges in his amended complaint that "the employee correctional officers of the defendant were not adequately trained, and as such did not provide adequate care and/or protection to the plaintiff, thus resulting in physical and constitutional injury to the plaintiff" and that "the deficiency in training actually caused the correctional officer/employees of the defendant deliberate indifference to the plaintiff's serious mental disability and/or need."  Amended Complaint at ¶¶ 29-30.  Again, this amounts to the type of  "boilerplate allegation" without explanation or factual support that is insufficient to set forth a plausible claim.

With regard to his § 1983 claims, Land's amended complaint contains no more than a "formulaic recitation of a cause of action's elements," which does not satisfy his obligation to plead "enough facts to state a claim to relief that is plausible on its face."  *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009).  Therefore the Defendant's motion to dismiss is **GRANTED** with regard to those claims.  Because Land has already had two opportunities to amend his complaint in response to the Defendant's arguments regarding its insufficiency, the Court finds it appropriate to enter judgment on Land's federal claims at this

time.[2]

Land's amended complaint also contains claims premised on state law. The Court's jurisdiction on those claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claim(s) in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and the court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here. Accordingly, the Court will dismiss Land's state law claims without prejudice; he is free to pursue them in state court if he so desires.

SO ORDERED:  05/27/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[2]The Court notes that, prior to filing the amended complaint that is the subject of the instant motion, Land had the benefit of the Defendant's motion for judgment on the pleadings directed at his original complaint as well as discussions with defense counsel and the Magistrate Judge assigned to this case with regard to his first proposed amended complaint. In addition, on February 25, 2010, the Magistrate Judge held a status conference after which he directed that "Defendant shall cooperate with the Plaintiff in producing policies and information regarding related incidents discussed at the status conference, and the parties shall promptly notify the Court if such production impacts the pending motion to dismiss, recognizing that the Court will address this motion in due course." Docket Entry No. 41. In the ensuing three months, no such notice to the Court has been made.

Copies to all counsel of record via electronic notification